**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NERY JOSE RIVAS REYES,

Petitioner,

v.

WARDEN, in his capacity as Warden of Cibola County Correctional Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Case No. 1:26-cv-02685-MIS-LF

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Nery Jose Rivas Reyes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 14, 2026. Petitioner is a citizen of Nicaragua who has resided in the United States since May 9, 2022, when he entered the United States without inspection. ECF No. 8-2. On April 14, 2026, United States Immigration Customs and Enforcement ("ICE") identified Petitioner after was arrested by the Orlando Police Department for a stalking charge involving a domestic violence designation.[1] Id.

[1] Petitioner provides information that he was never criminally charged as a result of this arrest. ECF No. 5 at 39.

He has apparently been detained ever since and is currently detained at the Cibola County Processing Center in Milan, New Mexico. Pet. at 1. Shortly after his detention, the U.S. Department of Homeland Security ("DHS") initiated removal proceedings, charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I) of the Immigration and Nationality Act. Id. An Immigration Judge found him removable on June 4, 2026. ECF No. 8-3.

On May 27, 2026, Petitioner filed an initial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Initial Petition") in Case No. 1:26-cv-01712-KWR-GJF ("Rivas Reyes I"), ECF No. 1. In the Initial Petition, Petitioner alleged that his detention without a bond hearing violated his Fifth Amendment due process rights. Id. On June 9, 2026, the Court granted the Petition, ordering Respondents to provide him a bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a). Rivas Reyes I, ECF No. 6 at 4. On June 12, 2026, an Immigration Judge held a bond hearing and denied bond stating that:

> Flight risk because he was ordered removed on June 4, 2026. He is also a danger to the community because he was arrested for the offense of 1st degree misdemeanor stalking and several other traffic offenses.

ECF No. 8-1.

In the instant Petition, Petitioner asserted a conclusory argument that his "continued detention us unconstitutional in violation of the Fourth, Fifth, and Fourteenth Amendments and Due Process Clause of the United States Constitution." Pet. at 6. Elsewhere, Petitioner argued that his detention was unconstitutional because he was detained under §1226(a) and not § 1225(b), id., an issue resolved by the Court's Order in his Initial Petition, see Rivas Reyes I, ECF No. 6. Thus, on August 18, 2026, the Court directed Petitioner to show cause why the instant Petition should not be dismissed because he had "received a bond hearing [and thus] it appears that he is lawfully detained." ECF No. 4. On September 14, 2026, Petitioner replied clarifying that he is not

requesting a second bond hearing but that, inter alia, "the substantial increase in the length of [his] detention" made it unconstitutional. ECF No. 5 at 3, 5. He seeks immediate release from custody. Pet. at 7.

On September 25, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to answer the petition and show cause why the Court should not grant Petitioner habeas relief. ECF No. 6. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether any precedent, including Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), requires (or in the near future will require) relief." Id.

On October 9, 2026, the federal Respondents filed a "Response [to the Petition]." ECF No. 8.[2] Respondents do not challenge the specific factual assertions of Petitioner and instead "disagreed" that his prolonged detention violated Petitioner's Fifth Amendment Due Process Rights, though acknowledged "potential contrary authority from this Court." Id. at 1-2. Respondents clarified the basis for their disagreement, stating:

> To the extent the Court construes Petitioner's petition as a substantive due process claim, as it did in Mardanpour v. Warden, 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), Respondents submit that the length of Petitioner's detention is not "constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal." Mardanpour at *6. Petitioner has been detained just short of six months as of this writing, has been ordered removed, and is appealing the removal order entered on June 4, 2026 . . . . Nevertheless, while Petitioner's period of detention is incredibly less than that in Mardanpour, Respondents are aware that this Court found that a seven-month detention period violated its conclusion in Mardanpour. See Castro Espinosa v. Warden, 26-cv-2907 MIS/SCY, 2026 WL 2906454 (D.N.M. Sept. 28, 2026). At the time of writing, Petitioner has been detained less than the six-month period in Zadyvas but that will soon change.

[2] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

Id. at 2-3

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Respondents make no argument that Petitioner's prolonged detention does not violate his Fifth Amendment rights other than their assertion that when they filed their Response, his detention was just shy of six months. See generally ECF No. 8. Accordingly, the Court finds that Respondents' non-opposition to the Petition and failure to provide any details to rebut Petitioner's allegation constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Indeed, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing

detention of over six months, with no reasonably foreseeable end in sight,[3] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

---

[3] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. See generally ECF 8. Therefore, the Court orders his immediate release. The Court further orders that Petitioner shall not be re-detained absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Jose Nery Rivas Reyes from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE